## NEWBURGER & KORG *v.* HUGH J. PERKINS ET AL., BY NEXT FRIEND, F. V. PERKINS.

DEED OF TRUST.  *Stipulation for diversion of payments.   Case in judgment.*

Where it is stipulated in a deed of trust upon land and cotton to secure a specified debt that the *cestui que trust* may apply any payments in money or the proceeds of any cotton delivered to him to the satisfaction of the debt secured, or "to the payment of any indebtedness which may be now due or which may hereafter become due to him upon open account," by the grantor, as he may elect, such stipulation is valid and may be carried out according to its terms by the *cestui que trust.*

APPEAL from the Chancery Court of Yalobusha County.

HON. B. T. KIMBROUGH, Chancellor.

In January, 1882, J. H. Perkins and his wife executed a deed of trust on a certain tract of land and the crops to be grown by the grantors during that year, to secure the payment of a certain indebtedness of the grantors to J. L. Eskridge, to become due on the 15th of December next thereafter. The deed of trust contained this stipulation : " And it is expressly agreed and understood by and between the parties hereto that the said party of the third part [Eskridge] shall have the exclusive right to apply the net proceeds of sale of cotton shipped or bought, and all payments of money made to him, to the payment of any indebtedness which may be due now, or which may hereafter become due, to him by the said parties of the first part [Perkins and wife] upon open account, or to the debt secured or intended to be secured by this deed of trust, according to his view of the exigency of the case ; that such application may be made in such manner as he may elect, and that no application of such proceeds of sale or money, to the payment of any debt or open account which may at any time be due to said party of the third part by the parties of the first part, shall impair, prejudice, or lessen the debt secured or intended to be secured by this indenture or the security herein and hereby provided for."

Six bales of cotton grown by Perkins during the year 1882 and covered by the deed of trust were delivered to Eskridge, who

applied the proceeds thereof to the payment of a debt not secured by the deed of trust.

In the fall of 1882 J. H. Perkins died.

On the 1st of February, 1883, Eskridge assigned and transferred the deed of trust to Newburger & Korg. The trustee was about to sell the land embraced in the deed of trust to satisfy the indebtedness therein mentioned, when, on the 20th of February, 1884, the heirs of J. H. Perkins filed the bill in this case for the purpose of enjoining the sale. Newburger & Korg answered the bill, and then moved to dissolve the injunction. Testimony was taken by both sides, and the motion to dissolve was heard upon the pleadings, exhibits, and evidence. The court rendered a decree refusing to dissolve the injunction and directing that the proceeds of the cotton grown by Perkins in 1882 and delivered to Eskridge be applied to the payment of the debt secured by the deed of trust. From this decree the defendants appealed to this court.

*R. H. Golladay,* for the appellants.

The right of Eskridge, the beneficiary in deed of trust of January, 1882, to apply the proceeds of the six bales of cotton received by him of D. H. Perkins is secured by the express stipulations of the deed. By the deed the cotton was pledged for the note or any other indebtedness, with right in Eskridge to make application. It is true that in *Ogden* v. *Harrison,* 56 Miss., the mortgaged crop must be applied to mortgage debt, but this is subject to the express agreement of the parties, so held in the case cited. The application was made by Eskridge to open account and expenses of gathering the cotton.

No counsel for the appellees.

COOPER, J., delivered the opinion of the court.

The deed of trust executed by Perkins and wife to secure the debt due to Eskridge and the advances to be afterward made by him to them contained an express stipulation that Eskridge should be permitted to apply any payments made to him by the debtors, or the proceeds of any of the mortgaged cotton to the extinguishment of any sums which at any time might be due on open account

from them to him, thus diverting the proceeds from the satisfaction of the mortgage debts. There was nothing unlawful in the contract thus made; and though without it the proceeds of the mortgaged property would have been by the mortgage itself appropriated to the debt secured, it was competent for the parties to provide for a different application. Having done so, the contract is to control.

The other questions upon which counsel for appellants desires an expression of our views are not presented by the record.

*The decree is reversed and cause remanded.*